FILED - GR
November 6, 2026 12:54 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW SCANNED BY: JJ / 11-6

AO 243 (Rev. 09/17)

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District W. D. Michigan |
|---|---|
| Name (*under which you were convicted*): Arisknight Arkin-Everett Winfree | Docket or Case No.: |
| Place of Confinement: USP ~~[illegible]~~ Terre Haute | Prisoner No.: 41137510 |
| UNITED STATES OF AMERICA v. | Movant (*include name under which convicted*) Arisknight Arkin-Everett Winfree |

**MOTION**

1:26-cv-3186
Hala Y. Jarbou
Chief U.S. District Judge

1. (a) Name and location of court which entered the judgment of conviction you are challenging:
United States District Court
Western District of Michigan

(b) Criminal docket or case number (if you know): 1:23-cr-15

2. (a) Date of the judgment of conviction (if you know):
(b) Date of sentencing: 10-07-2024

3. Length of sentence: Life

4. Nature of crime (all counts):
Count 1: 1201(a)(1)
Count 2: 2422(a)
Count 3: 2422(a)
Count 4+5: 2251

5. (a) What was your plea? (Check one)
(1) Not guilty ☐ (2) Guilty ☐ (3) Nolo contendere (no contest) ☑

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

n/a

6. If you went to trial, what kind of trial did you have? (Check one) Jury ☐ Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing? Yes ☐ No ☒

8. Did you appeal from the judgment of conviction? Yes [X] No [ ]

9. If you did appeal, answer the following:
   (a) Name of court: United States Court of Appeals for the Sixth Circuit
   (b) Docket or case number (if you know): 24-1911
   (c) Result: Affirmed
   (d) Date of result (if you know): 11-06-2025
   (e) Citation to the case (if you know):
   (f) Grounds raised:
   Excessive and greater than necessary sentencing. Violation of 8th Amendment, failing to factor in recidivism rate.
   Trial counsel ineffective not raising these grounds

   (g) Did you file a petition for certiorari in the United States Supreme Court? Yes [ ] No [X]
   If "Yes," answer the following:
   (1) Docket or case number (if you know):
   (2) Result:
   (3) Date of result (if you know):
   (4) Citation to the case (if you know):
   (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes [X] No [ ]

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: United States District Court, Western District of Michigan
    (2) Docket or case number (if you know): 1:23-cr-15, ECF No. 121
    (3) Date of filing (if you know):

Page 6

AO 243 (Rev. 09/17)

(4) Nature of the proceeding: Motion to Compel

(5) Grounds raised:

Motion to compel former counsel Public Defender Helen and CJA counsel Heath Lynch to furnish me a copy of my case file. Both former counsels refused to answer letters and calls regarding this topic. Both counsels acted combative regarding my own access to my case files despite me being Pro'se.

(6) Did you receive a hearing where evidence was given on your motion, petition, or application? Still waiting.

Yes ☒ No ☐

(7) Result: Magistrate Judge Sally Berens ordered former counsels to send me file.

(8) Date of result (if you know): waiting.

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket of case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐ No ☐

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition: Yes ☐ No ☒

(2) Second petition: Yes ☐ No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

Still waiting on case file to be sent to me.

Page 7

AO 243 (Rev. 09/17)

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** See attached Memorandum of Law, Ineffective Assistance of Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See attached Memorandum of Law.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

See attached Memorandum of Law

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: See Attatched Memorandum of Law.

**GROUND TWO:** See Attached Memorandum of Law, Due Process rights violated under Brady and Giglio.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Attached Memorandum of Law

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why:
See attached Memorandum of Law

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐ No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: __________

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know): __________

Date of the court's decision: __________

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐ No ☒

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐ No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know): __________

Date of the court's decision: __________

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

AO 243 (Rev. 09/17)

**GROUND THREE:** See attached memorandum of Law; Search Warrant Affidavit Requires Franks Hearing

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See attached Memorandum of Law

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

See attached memorandum of law

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:** See attached Memorandum of Law, Newly Discovered Evidence of Actual Innocence.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Attached Memorandum of Law

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

See attached Memorandum of law

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: ____________________

Name and location of the court where the motion or petition was filed:

____________________

Docket or case number (if you know): ____________________

Date of the court's decision: ____________________

Result (attach a copy of the court's opinion or order, if available):

____________________

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

____________________

Docket or case number (if you know): ____________________

Date of the court's decision: ____________________

Result (attach a copy of the court's opinion or order, if available):

____________________

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

____________________

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Yes, see attached Memorandum of law. Attached to provide adequate space for all additional grounds.

Page 13

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging? Yes ☐ No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing:
Raymond Cassar ?

(b) At the arraignment and plea:
Helen Nieuwenhuis → Public Defender / CJA Heath Lynch

(c) At the trial:
n/a

(d) At sentencing:
Heath Lynch

(e) On appeal:
Mark Godsey

(f) In any post-conviction proceeding:
Pro Se

(g) On appeal from any ruling against you in a post-conviction proceeding:
Pro Se

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time? Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☒ No ☐

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:
State of Michigan, Ingham County, Case No: 23-000B-FH,
3-20 served concurrently to federal offense.

(b) Give the date the other sentence was imposed: 2023

(c) Give the length of the other sentence: 3-20 years

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes ☒ No ☐

Page 14

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

This motion is timely under 28 U.S.C. § 2255 as direct appeal was affirmed on 11-06-2025, and this motion is being made prior to the expiration of one-year from that date.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 15

Therefore, movant asks that the Court grant the following relief:
~~vate~~ vacate the conviction herein, set aside or correct sentence, order the suppression of all fruits of the unconstitutional search, lower restitution

or any other relief to which movant may be entitled.

N/A
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on 10/22/26.
(month, date, year)

Executed (signed) on 10/22/26 (date)

[signature]
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

---

FROM: 41137510
TO: Financial Management
SUBJECT: ***Request to Staff*** WINFREE, ARISKNIGHT, Reg# 41137510, THP-C-A
DATE: 10/06/2026 06:27:14 PM

To: Section 1: Cover Page - 2255
Inmate Work Assignment: .

SECTION 1: COVER PAGE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

ArisKnight Arkin-Everett Winfree,
Petitioner,
v.
United States of America,
Respondent.

Criminal Case No.: [1:23-cr-15]

Civil Case No.: (To Be Assigned)

PETITIONER'S MOTION UNDER 28 U.S.C. 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE, WITH SUPPORTING MEMORANDUM OF LAW, ANCILLARY MOTIONS, DECLARATIONS, EXHIBIT LIST, AND PROPOSED ORDERS

EVIDENTIARY HEARING REQUESTED

Filed pursuant to 28 U.S.C. 2255 and Rules 1-12 of the Rules Governing Section 2255 Proceedings for United States District Courts.

To: Clerk of Court
US District Court Western District of Michigan
Gerald R. Ford Federal Building
110 Michigan St. N.W.
Grand Rapids, MI 49503

Petitioner:
ArisKnight Arkin-Everett Winfree
Register No.: 41137-510
USP Terre Haute
PO Box 33
Terre Haute IN, 47808

Petitioner ArisKnight Arkin-Everett Winfree, appearing pro se, respectfully moves this Court under 28 U.S.C. 2255 to vacate his conviction and sentence on the grounds that his constitutional rights were violated through ineffective assistance of counsel, undisclosed Brady/Giglio material, false or misleading statements in the search warrant affidavit, and sentencing errors that resulted in a fundamentally unreliable outcome & actual innocence claims. Petitioner has diligently assembled a complete record, including supporting motions, declarations, and exhibits, and requested discovery, record expansion, and an evidentiary hearing to resolve disputed factual issues that cannot be determined from the existing record.
Given the severity of the sentence imposed and the constitutional nature of the claims requested, Petitioner respectfully submits that the interests of justice require full consideration of the issues raised herein.

2255 Packet - Contents Summary:
Section
1. Cover Page
2. AO-243 Form & 2B Supporting Content
3. Motion to Vacate, Set Aside, or Correct Sentence 28 U.S.C. 2255
4. Memorandum of Law - Strickland IAC; Brady/Giglio, Franks; Actual Innocence
5. Motion for Brady/Giglio Disclosure
6. Motion to Conduct Franks Hearing and Suppress Evidence
7. Rule 6 Motion for Leave to Conduct Discovery

---

8. Rule 7 Motion to Expand the Record
9. Rule 8 Motion for Evidentiary Hearing
10. Motion for Page Limit Extension
11. Declarations
12. Master Exhibit List
13. Proposed Orders - 2255; Brady; Franks; Rule 6; Rule 7; Rule 8;
14. Additional Supporting Documents - Certificate of Service, Pro Se Signature Block, Certificate of Mailing.

Page 3

Section 2: AO-243 form
Arisknight Arkin Everett Winfree

AO 243 (Rev. 09/17)

Crim. Cases
1:23-CR-15
Civil: To Be Assigned

**Motion to Vacate, Set Aside, or Correct a Sentence**
**By a Person in Federal Custody**

**(Motion Under 28 U.S.C. § 2255)**

**Instructions**

1. To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.
2. You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.
3. Make sure the form is typed or neatly written.
4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.
5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit any legal arguments, you must submit them in a separate memorandum. Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this motion.
6. If you cannot pay for the costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.
7. In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.
8. When you have completed the form, send the original and 0 copies to the Clerk of the United States District Court at this address:

   **Clerk, United States District Court for**
   **Address**
   **City, State Zip Code**

   If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.
9. **CAUTION: You must include in this motion all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.**
10. **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

USP Terre Haute Locked down. 10/22/26
Unable to make copies.



© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

41137510

---

FROM: 41137510
TO: Financial Management
SUBJECT: ***Request to Staff*** WINFREE, ARISKNIGHT, Reg# 41137510, THP-C-A
DATE: 10/04/2026 02:11:19 PM

To: Section 2B: 2255 Motion Supporting Document
Inmate Work Assignment: .

SECTION 2B: SUPPORTING DOCUMENT FOR MOTION UNDER 28 U.S.C. 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (AO FORM 243)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ArisKnight Arkin-Everett Winfree,<br>Petitioner, | Criminal Case No.: [1:23-cr-15] |
| v. | |
| United States of America,<br>Respondent. | Civil Case No.: (To Be Assigned) |

Supporting Document to AO Form 243:

GROUND ONE: INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION

Supporting Facts: Counsel, Heath Lynch, rendered constitutionally deficient assistance of counsel under the two-pronged standard established in Strickland v. Washington, 466 U.S. 668 (1984), both in performance and to Petitioner's prejudice. Specifically, counsel failed to:

5. Conduct an adequate pre-trial investigation.
Counsel failed to adequately investigate the facts and circumstances of the case, including but not limited to failing to: interview identified key witnesses; retain forensic experts; review surveillance footage; investigate the background and credibility of government informants; obtain and examine physical evidence; request key exculpatory information. A constitutionally adequate investigation would have revealed lawful acts acting as the basis of the search warrant, evidence proving actual innocence, impeachment of witnesses, and reasonable doubt regarding DNA evidence. See Wiggins v. Smith, 539 U.S. 510 (2003); Rompilla v. Beard, 545 U.S. 374 (2005).

6. Challenge the search warrant and move to suppress unlawfully obtained evidence.
Counsel failed to file a timely motion to suppress evidence obtained pursuant to a search warrant whose supporting affidavit contained deliberate or reckless material misrepresentations and omissions. See Franks v. Delaware, 438 U.S. 154 (1978); Kimmelman v. Morrison, 477 U.S. 365 (1986). The warrant affidavit executed by [AFFIANT'S NAME AND TITLE] on [DATE], contained the following material misrepresentations and/or omissions:
Ms. Crowe and Petitioner engaged in lawful relations in the State of Michigan.
Had counsel moved for a Franks hearing and to suppress, there is reasonable probability that the court would have suppressed evidence from the search and derivative evidence, and Petitioner would have not been convicted.

7. Interview, subpoena, and present exculpatory witnesses.
Counsel was made aware of, but failed to interview or call, the following witnesses who possessed material exculpatory information:
Witness 1: Susanna Datres;
Witness 2: Paul Heiselman;
Witness 3: A.S.;
Witness 4: ArisKnight Arkin-Everett Winfree;
Witness 5: Ms. Crowe.

These witnesses would have testified that all acts were consensual in nature and lawful in the State of Michigan. The failure to call these witnesses was objectively unreasonable and fell below the standard of reasonable professional judgement. See United States v. Cronic, 466 U.S. 648 (1984).

8. Challenge specific evidence admitted.
Counsel failed to object to the admission of forensic evidence, chain-of-custody deficiencies, expert testimony, co-defendent statements, or other evidence on the grounds of lack of foundation, improper chain of custody, violations of the Confrontation Clause, violations of Federal Rules of Evidence Rules 401, 403, 404, 407, 702, etc. This failure was not a strategic decision but rather the result of counsel's failure to prepare and review the evidence prior to trial.

9. Object to prosecutorial misconduct.
During the course of the criminal proceedings, the prosecutor engaged in vouching for the credibility of government witnesses; making improper comments on Petitioner; presenting false or misleading evidence; making inflammatory arguments; charging unprovable Counts; making unfounded enhancements to sentencing. Counsel failed to object to this misconduct, thereby failing to preseve the issue for appeal and allowing the case to be improperly influenced.

10. Advise Petitioner of his rights.
Counsel failed to fully and accurately advise Petitioner of his right to testify on his own defense; right to reject a plea offer and proceed to trial; right to seek certiorari before the Supreme Court; consequences of conviction including collateral consequences. As a result, Petitioner was denied the opportunity to make knowing, intelligent, and voluntary decisions regarding the fundamental choices in his case. See Iowa v. Tovar, 541 U.S. 77 (2004); Missouri v. Frye, 566 U.S. 134 (2012); Lafler v. Cooper, 566 U.S. 156 (2012).

The cumulative effect of these failures was devastating to Petitioner's case and resulted in prejudice under Strickland because there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. See Strickland, 466 U.S. at 694.

GROUND TWO: VIOLATION OF DUE PROCESS - GOVERNMENT'S SUPPRESSION OF MATERIAL EXCULPATORY AND IMPEACHMENT EVIDENCE IN VIOLATION OF BRADY V. MARYLAND AND GIGLIO V. UNITED STATES

Supporting Facts:
The Government, acting through its agents and prosecutors, suppressed material exculpatory and impeachment evidence in violation of Petitoner's due process rights under the Fifth Amendment, as established in Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972). Suppressed evidence includes, but is not limited to:

11. Exculpatory Evidence:
(i) surveillance footage or records demonstrating that Petitioner is innocent of the alleged Counts 1-5;
(ii) statements made by witnesses to law enforcement that were inconsistent with the prosecution's theory;
(iii) DNA and forensic test results that were not misleading and demonstrate reasonable doubt between Petitioner and the offense;
(iv) evidence pointing to an alternative perpetrator;

12. Impeachment Evidence:
(i) agreements, inducements, consideration, or benefits provided to cooperating witnesses in exchange for testimony, not disclosed to defense;
(ii) prior criminal history of government informants that was not disclosed;
(iii) prior inconsistent statements made by key government witnesses to law enforcement;
(iv) evidence that a key government witness recanted or modified his or her testimony in subsequent proceedings;
(v) disciplinary or personnel records of law enforcement officers who testified, bearing on their credibility and veracity;
(vi) evidence on security footage and communication proving innocent, impeaching key testimony;
(vii) DNA evidence pointing to multiple male DNA profiles;

Each suppressed item is "favorable to an accused" and "material either to guilty or to punishment" within the meaning of Brady, 373 U.S. at 87, and United States v. Bagley, 473 U.S. 667, 676 (1985). Evidence is material if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."
Bagley, 473 U.S. at 682; Strickler v. Greene, 527 U.S. 263, 280 (1999).
Petitioner had no access to this information through reasonable diligence, and this claim is therefore not procedurally defaulted. See Banks v. Dretke, 540 U.S. 668, 691 (2004).

GROUND THREE: FOURTH AMENDMENT VIOLATION - THE SEARCH WARRANT AFFIDAVIT CONTAINED MATERIAL MISREPRESENTATIONS AND/OR OMISSIONS IN VIOLATION OF FRANKS V. DELAWARE

Supporting Facts:

---

The search warrant issued on [DATE] authorizing the search of 343 Highland Ave East Lansing MI and ArisKnight Arkin-Everett Winfree was issued on the basis of an affidavit that contained material misrepresentations of fact and/or material omissions made deliberately or with reckless disregard for the truth. See Franks v. Delaware, 438 U.S. 154, 155-56 (1978). Specifically:

13. Misrepresentations: The affidavit, sworn by [AFFIANT'S NAME AND TITLE] affirmatively stated that Ms. Crowe engaged in unlawful relations with Petitioner at [location] on [date]. This statement was false because confidential informant had no prior track record of reliability verified by law enforcement; informant has since admitted that their statement was fabricated or exaggerated; all interactions were lawful in the State of Michigan and Ms. Crowe was a legal adult in the State of Michigan and above the age of consent in Michigan.

14. Omissions: The affidavit deliberately or recklessly omitted the following material information:
The affidavit omitted the fact that the confidential informant was a legal adult in the State of Michigan who was above the age of consent. The affidavit omitted exculpatory information known to law enforcement that case doubt on probable cause.

Excising the false statements and supplying the omitted material, the corrected affidavit fails to establish probable cause to search. See Franks, 438 U.S. at 156. All evidence obtained pursuant to the warrant is therefore subject to suppression under the exclusionary rule. See Wong Sun v. United States, 371 U.S. 471 (1963). Counsel's failure to challenge the warrant and to seek a Franks hearing independently constitutes ineffective assistance of counsel under Strickland and Kimmelman v. Morrison, 477 U.S. 365, 382-85 (1986).

GROUND FOUR: ACTUAL INNOCENCE / NEWLY DISCOVERED EVIDENCE

Supporting Facts: Petitioner is actually innocent of the offenses of conviction. Newly discovered evidence not available, through no fault of Petitioner, establishes that no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Specifically:

15. Nature of Newly Discovered Evidence:
(i) Forensic DNA evidence, analyzed by [EXPERT NAME] at [LABORATORY], which conclusively shows that Petitioner was not the only source of biological material found;
(ii) digital records, including security footage, and chat message history, that establish Petitioner's innocence and the consensual nature of the alleged offenses;
(iii) a sworn statement by Petitioner, who now states version of events that establish innocence;
(iv) documentary evidence, including communication logs, that was withheld from the defense and that directly contradicts the government's core factual theory.

16. Why Evidence Was Not Available:
(i) the evidence was in the government's exclusive posession and was not disclosed;
(ii) the technology or methodology used to analyze the evidence was misrepresented;
(iii) the witness who now has come forward who did not come forward prior.

17. Impact on the Verdict:
This newly discovered evidence, considered alongside the evidence that would be admissible at a new trial, is so compelling that no rational juror would vote to convict Petitioner beyond a reasonable doubt.
See McQuiggins v. Perkins, 569 U.S. 383, 395 (2013); Schlup v. Delo, 513 U.S. 298, 327 (1995).

I declare under penalty of perjury that the foregoing is true and correct. I acknowledge that a false statement of a material fact may serve as the basis for prosecution for perjury and/or dismissal of 2255 motion.
I am aware that if my answers to the questions on this form are willfully false, I am subject to punishment.

ArisKnight Arkin-Everett Winfree
Register No.: 41137-510
Petitioner, Pro Se
USP Terre Haute
PO Box 33
Terre Haute IN 47808

Dated: 10/22/26

---

FROM: 41137510
TO: Financial Management
SUBJECT: ***Request to Staff*** WINFREE, ARISKNIGHT, Reg# 41137510, THP-C-A
DATE: 09/29/2026 01:01:35 PM

To: Section 3: Motion to Vacate, Set Aside, or Correct
Inmate Work Assignment: .

SECTION 3. MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
PURSUANT TO 28 U.S.C. 2255

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

ArisKnight Arkin-Everett Winfree,
Petitioner,
v.
United States of America,
Respondent.

Criminal Case No.: [1:23-cr-15]

Civil Case No.: (To Be Assigned)
Hon. Judge Jarbou
EVIDENTIARY HEARING REQUESTED

MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. 2255

Petitioner ArisKnight Arkin-Everett Winfree, by and through himself [pro se], hereby moves this Court, pursuant to 28 U.S.C. 2255 and Rules 1 through 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts, for an Order vacating, setting aside, or correcting his sentence. In support thereof, Petitioner states as follows:

1. JURISDICTIONAL STATEMENT

1. This Court has jurisdiction to entertain this Motion pursuant to 28 U.S.C. 2255(a), which provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence."

2. Petitioner is in custody pursuant to the Judgement and Commitment ORder entered on 10-7-2024 by this Court. See Requested Exhibit R-10. He is presently confined at USP Terre Haute, PO Box 33, Terre Haute IN 47808.

3. This Court, which imposed the challenged sentence, is the proper court in which to file this Motion. See 28 U.S.C. 2255(a); Bousley v. United States, 523 U.S. 614, 621 (1998).

4. The claims raised herein are cognizable under 2255, as they allege violations of the Constitution of the United States - specifically, Petitioner's rights under the Fourth, Fifth, and Sixth Amendments - and raise newly discovered evidence of actual innocence. See Strickland v. Washington, 466 U.S. 668, 684-85 (1984) (Sixth Amendment ineffective assistance claims cognizable under 2255); Brady v. Maryland, 373 U.S. 83, 87 (1963) (Fifth Amendment due process claims cognizable); Franks v. Delaware, 438 U.S. 154 (1978) (Fourth Amendment claims cognizable).

5. This Motion is timely filed within the one-year statute of limitations prescribed by 28 U.S.C. 2255(f). Specifically, the limitations period is calculated from (i) 11-6-2025, the date on which the direct appeal was affirmed by the Sixth Circuit.

II. STATEMENT OF THE CASE

A. Procedural Background

6. On or about [DATE], Petitioner ArisKnight Arkin-Everett Winfree was indicted in the Western District of Michigan on [NUMBER] count(s). See Indictment.

7. On [DATE], Petitioner was arraigned before the Honorable Sally Berens, United States Magistrate Judge. Petitioner entered a plea of not guilty.

8. Public Defender Helen N., an attorney licensed to practice law in the State of Michigan, was appointed to represent Petitioner on [DATE].

9. Public Defender Helen N. claimed conflict, and CJA Heath Lynch of SBBL was appointed to represent Petitioner on [DATE].

10. Petitioner entered a plea of nolo contendere to all Counts, which the Government opposed, but Judge Jarbou granted.

11. On 10-7-24, the Court found Petitioner guilty of all Counts.

12. On 10-7-24, this Court sentenced Petitioner to life imprisonment followed by 10 years supervised release; and total financial penalties of approximately $65,168.14, $3,000 of which were fines, and the rest was restitution to Ms. Crowe. Judgement was entered on 10-7-24. See Exhibit R-10.

13. Direct appeal was affirmed on 11-6-2025, Sixth Circuit case number 24-1911.

14. Petitioner moved the Court for a Motion to Compel previous counsels to provide him with his case file, which was granted in part. Petitioner has to this day not received anything from previous counsels, despite the Court ordering them to produce it.

B. Factual Background

15. The government's theory of the case was that Petitioner kidnapped and coerced Susanna Datres, attempted to coerce A.S., coerced MV1 and exploited MV2 (Ms. Crowe). The government claimed that they could have charged Paul Heiselman with conspiracy for all of the counts.

16. The principal evidence offered against Petitioner consisted of:
(a) the testimony of cooperating witness Paul Heiselman, Ms. Datres, and Ms. Crowe;
(b) physical evidence seized pursuant to the search warrant issued on [DATE], see Exhibit R-2;
(c) expert testimony by [EXPERT NAME] regarding DNA evidence, processed in a lab in a foreign country;

17. Petitioner was pursuing an innocence defense for trial with Public Defender Helen N., however he did not go to trial as Counsel Heath Lynch coerced Petitioner and told him that his only possibility of getting a less time was to plea deal. He trusted his counsel and plead nolo contendere.

18. As set forth in the Memorandum of Law (Section 4) and the Declarations (Section 10), the evidence actually establishes that the search warrant was misleading and based off of lawful activity in the State of Michigan, there were multiple male DNA profiles in the forensic DNA evidence, Counts 3-5 were all lawful activity in the State of Michigan, Petitioner was actually innocent of Counts 1 and 2, gross ineffective assistance of counsel, and supression of exculpatory materials.

III. GROUNDS FOR RELIEF

Petitioner incorporates by reference all allegations, arguments, and authorities set forth in the Memorandum of Law in Support of 2255 Motion (Section 4 of this Packet), filed herewith, as if fully set forth herein.

MOTION 1: Ground One - Ineffective Assistance of Counsel (Sixth Amendment)

19. For the reasons stated fully in Section 4, Argument Part IV.A, of the accompanying Memorandum of Law, Petitioner's counsel rendered constitutionally deficient performance that prejudiced Petitioner's defense in violation of the Sixth Amendment to the United States Constitution, as interpreted by Strickland v. Washington, 466 U.S. 668 (1984), and its progeny. Petitioner is entitled to vacatur of his conviction and sentence, or in the alternative, a new trial or resentencing.

MOTION II: Ground Two - Brady/Giglio Violations (Fifth Amendment Due Process)

20. For the reasons stated fully in Section 4, Argument Part IV.B, of the accompanying Memorandum of Law, the Government violated Petitioner's due process rights by suppressing material exculpatory and impeachment evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972). Petitioner is entitled to vacatur of his conviction and sentence and a new trial.

MOTION III: Ground Three - Franks Violation (Fourth Amendment)

21. For the reasons stated fully in Section 4, Argument Part IV.C, of the accompanying Memorandum of Law, the search warrant was issued on the basis of an affidavit containing deliberate or reckless material misrepresentations and omissions in violation of Franks v. Delaware, 438 U.S. 154 (1978). All evidence obtained pursuant to the unlawful warrant must be suppressed, and the conviction cannot stand without that evidence. Petitioner is entitled to vacatur of his conviction and/or a Franks hearing.

MOTION IV: Ground Four - Actual Innocence / Newly Discovered Evidence

22. For the reasons stated fully in Section 4, Argument Part IV.D, of the accompanying Memorandum of Law, newly discovered evidence of actual innocence entitles Petitioner to relief. In light of this evidence, no rational trier of fact could find Petitioner guilty beyond a reasonable doubt. Petitioner is entitled to vacatur of his conviction under McQuiggins v. Perkins, 569 U.S. 383 (2013), and Schlup v. Delo, 513 U.S. 298 (1995).

IV. PRAYER FOR RELIEF

WHEREFORE, Petitioner ArisKnight Arkin-Everett Winfree respectfully requests that this Court:

18. VACATE the Judgement and Commitment Order entered on 10-7-2024, including Petitioner's convictions on Counts 1-5, and the sentence imposed thereon;
19. ORDER a new trial, or in the alternative, order resentencing consistent with the Constitution and applicable law;
20. GRANT an evidentiary hearing pursuant to Rule 8 of the Rules Governing 2255 Proceedings at which Petitioner may present evidence in support of his claims;
21. APPOINT counsel to represent Petitioner in these proceedings pursuant to 18 U.S.C. 3006(A)(a)(2)(B) and Rule 8(c) of the Rules Governing 2255 Proceedings, if Petitioner is not already represented;
22. GRANT leave to conduct discovery pursuant to Rule 6 of the Rules Governing 2255 Proceedings;
23. GRANT leave to expand the record pursuant to Rule 7 of the Rules Governing 2255 Proceedings;
24. DIRECT the Government to disclose all Brady/Giglio material as set forth in the accompanying motion (Section 5); and
25. GRANT such other and further relief as this Court deems just and proper.

Respectfully submitted,

ArisKnight Arkin-Everett Winfree
Register No.: 41137-510
USP Terre Haute
PO Box 33
Terre Haute IN 47808
Petitioner, Pro Se

Date: 10/22/26

CERTIFICATE OF SERVICE

I hereby certify that on 10/22/26 [DATE], I caused a true and correct copy of this foregoing Motion under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence, together with all supporting motions, sent to the United States Western District of Michigan Court Clerk via first-class mail. As per 2255 instructions, requesting that the Clerk send a copy to the Respondent.

-

ArisKnight Arkin-Everett Winfree - Petitioner
-

Arisknight Winfree #41137610
USP Terre Haute
PO Box 33
Terre Haute IN 47808

9589 0710 5270 3477 9813 67

CERTIFIED MAIL

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE




To: Clerk of Court
US District Court Western District of Michigan
Gerald R. Ford Federal Building
110 Michigan St. N.W.
Grand Rapids, MI 49503

Legal Mail

Sealed in front of D. [illegible]